IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATHEW V. CHALKER,<br><br>        Plaintiff,<br><br><br><br><br><br>                vs.<br><br><br>RAYTHEON COMPANY; RAYTHEON COMPANY LONG-TERM DISABILITY PLAN; RAYTHEON EMPLOYEES DISABILITY TRUST; METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1 through 5,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD<br><br><br><br><br>Case No. 2:05-CV-869 TS |

This matter is before the Court on Defendants' Motion for Judgment on the

Administrative Record.[1]

## I.  INTRODUCTION

Plaintiff Chalker seeks long-term disability ("LTD") benefits under the Raytheon

Company LTD Plan ("the Plan") pursuant to the Employee Retirement Income Security Act of

-------------------------------------------

[1]Docket No. 23.

1974 ("ERISA").[2]  Defendant Raytheon is the Plan Sponsor and the Plan Administrator.

Defendant Metlife is the Claims Administrator for LTD benefit claims.  Defendant Raytheon

Employees Disability Trust is solely responsible for the payment of benefits to participants under

the Plan.

The Plan provides that Defendant MetLife, as the Claims Administrator, has "the

exclusive right, in [its] sole discretion to interpret the Plan, make factual determinations and

decide all matters"[3] and that the decisions of Defendant MetLife "shall be conclusive and binding

on all persons unless it can be shown that the interpretation or determination was arbitrary and

capricious."[4]

Under the LTD plan, a person is considered disabled for the first fifteen months if they

are unable to perform the essential elements of their job with reasonable accommodation.[5]  After

this period of benefits a person is considered disabled only if they are unable to work at any job

for which they are reasonably qualified by training, education, or experience through the

maximum age for receiving benefits.[6]  After initial approval of payment of LTD benefits, a

participant bears an ongoing burden of demonstrating continued disability through "satisfactory

---

[2]29 U.S.C. § 1132(a).

[3]Rec. at 60.

[4]*Id.* at 60, 61.

[5]*Id.* at 14.

[6]*Id.*

and objective medical proof."[7]  The Plan also provides that, if a participant is denied benefits, after exhausting all administrative remedies, he or she may file a civil action, but must do so no later than one year "after the expiration of the time permitted under the Plan for furnishing proof of disability to the Claims Administrator."[8]

Plaintiff, a former employee of Raytheon, stopped work on November 24, 2000, due to complaints of depression, anxiety, and fibromyalgia.  Plaintiff subsequently submittted a claim for LTD benefits to Defendant MetLife.  On February 27, 2001, MetLife approved an initial award of LTD benefits to Plaintiff through May 1, 2001.  Defendant MetLife thereafter monitored Plaintiff's file periodically.  Defendant MetLife utilized a Nurse Consultant, independent psychiatrists, and independent rheumatologists in connection with its periodic review.  Defendant MetLife extended Plaintiff's benefits on several occasions up until May 27, 2004.

By May 27, 2004, Defendant MetLife had determined that Plaintiff was not eligible for LTD benefits for several reasons which are discussed in more detail below.  Plaintiff, upon learning of the rejection of his LTD benefits, appealed Defendant MetLife's decision.  Defendant MetLife upheld the termination of Plaintiff's benefits on October 5, 2004.  Plaintiff filed this action on October 21, 2005.

Defendants now move for judgment on the administrative record, arguing (A) that Plaintiff's claim is barred by the Plan's stated period of limitations, and (B) that Defendant

---

[7]*Id.*

[8]*Id.* at 70.

3

MetLife's decision to terminate Plaintiff's benefits was not arbitrary and capricious.  Having

considered the evidence in the record, and the arguments of the parties, as set forth in their

memoranda, the Court now issues the following ruling.

## II.  DISCUSSION

### A.  Plaintiff's Claim Barred by the Plan's Period of Limitations

Defendants argue that Plaintiff's claim is barred by the one-year limitation for civil action

set forth in the Plan.  Plaintiff makes two arguments in response.  First, Plaintiff claims that the

limitations provision itself is ambiguous, and, therefore, must be construed against Defendants.

More specifically, Plaintiff contends that because the limitations period set forth by the Plan

begins "after the expiration of the time permitted under the Plan for furnishing proof of disability

to the Claims Administrator," and because no expiration of time is specified under the Plan, the

limitation is without force under Tenth Circuit law.[9]  Second, Plaintiff argues that the provision

is further made ambiguous because, while it is in the Plan, it is not found in the Summary Plan

Description ("SPD") of the Plan.[10]

ERISA does not set forth a statutory period of limitation applicable to claims for

benefits,[11] but where a plan itself establishes a limitation period consistent with federal or state

---

[9]Plaintiff cites *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1518 (10th Cir. 1996), in support of this proposition.

[10]Plaintiff further notes that an SPD should, under 29 U.S.C. § 1022(b), include "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits," and "the remedies available under the plan for the redress of claims which are denied in whole or in part."

[11]*Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1200-01 (10th Cir. 1990).

law, it will be upheld as a valid contractual provision.[12]  Moreover, courts "examine the plan

documents as a whole, and, if unambiguous . . . construe them as a matter of law."[13]  Courts

apply the terms of both the Plan and the SPD if they do not conflict.[14]  The Tenth Circuit has held

that there is no conflict where the SPD is silent on a specific term or issue more fully set forth in

a master plan document.[15]

As a preliminary matter, the Court holds that the limitations period set forth by the Plan is

not ambiguous.  The "expiration of the time permitted . . . for furnishing proof of disability"

clearly contemplates the denial of benefits after exhaustion of administrative remedies.  There

can be no other reasonable interpretation for this particular provision within the Plan.  Moreover,

the Court finds that there is no conflict between the Plan, which sets forth the limitations period,

and the SPD, which is silent on the issue.  Accordingly, the Court finds that Plaintiff's claim is

barred by the one-year limitations period set forth by the Plan.  Although the Court finds this

issue as dispositive, the Court briefly addresses the merits of Plaintiff's claim.

---

[12]*Moore v. Berg Enters., Inc.*, 3 F.Supp 2d 1245, 1247 (D. Utah 1998), *aff'd* 201 F.3d 448 (10th Cir. 1999).

[13]*Chiles*, 95 F.3d at 1511.

[14]*Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1136 (10th Cir. 1998).

[15]*Id.*

*B.  Defendant MetLife's Decision not Arbitrary and Capricious*

Defendants argue that Plaintiff has not demonstrated that Defendant MetLife's decision was arbitrary and capricious.  Plaintiff responds that Defendant MetLife's decision is entitled to less deference due to a conflict of interest between the administrator and insurer and procedural irregularity.  Plaintiff further argues that, under this less deferential standard, Defendant Metlife's decision to deny LTD benefits was arbitrary and capricious.

Where plans governed by ERISA contain grants of discretion such as the one in this case, courts review the administrator's claim determination subject to the arbitrary and capricious standard of review.[16]  Absent an administrator conflict of interest or serious procedural irregularity in the handling of a claim,[17] a fully deferential form of the arbitrary and capricious standard of review is applied.[18]  In applying this level of review, the administrator's decision is upheld unless it has no reasonable basis.[19]

Plaintiff argues that a less deferential standard of review applies because Defendant MetLife admitted in another case[20]—and under a different plan—that it had a conflict of interest, and because it has not set forth any evidence to suggest that it did not handle Plaintiff's claim any differently than it did the claimant's in that case.  Plaintiff also argues that Defendants are

---

[16]*Trujillo v. Cyprus AMAX Minerals Ret. Plan Comm.*, 203 F.3d 733, 736 (10th Cir. 2000).

[17]*Fought v. UNUM Life Ins. Co.*, 379 F.3d 997, 1004 (10th Cir. 2004).

[18]*Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097-98 (10th Cir. 1999).

[19]*Id.*

[20]*Sells v. Phillips Petroleum Co.*, Case No. 2:03-CV-1111 DB.

entitled to less deference because serious procedural irregularities existed from a February 2004 Functional Condition Evaluation ("FCE") administered to Plaintiff,[21] and from alleged discrepancies between various physicians' statements regarding the type of work that Plaintiff could perform.

The Court finds that Defendants are entitled to the fully deferential standard of review. Plaintiff, in merely referring to another case and asserting that it is Defendants' burden to demonstrate how this action is distinguishable, does not meet its burden in demonstrating a conflict of interest. Defendant MetLife has succinctly set forth that it is solely the claim administrator of the Plan, and that Defendant Raytheon Employees Disability Trust is the only entity responsible for paying benefits under the Plan. Moreover, as Defendants correctly point out, no serious procedural irregularities existed in the decision to deny Plaintiff LTD benefits because serious procedural irregularities only relate to the conduct of a claim administrator, not some third party, as Plaintiff alleges, and because Defendants utilized independent experts.[22]

Plaintiff makes several arguments as to why he believes that Defendant MetLife's decision was arbitrary and capricious, some of which include: Defendant's independent experts were not sufficiently qualified; Plaintiff's FCE was flawed and ambiguous; Defendants ignored

---

[21]The FCE, while noting that Plaintiff did not complete many tasks due to self-limiting behavior, concluded that Plaintiff was capable of light work.

[22]*See Fought v. UNUM Life Ins. Co. Of America*, 379 F.3d 997, 1006 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1972 (2005) (finding procedural irregularity where conflicted claim administrator denied claim without seeking any independent review).

evidence that favored Plaintiff's claim; Plaintiff's condition is not amenable to objective evidence; and Defendants failed to address inconsistent evidence.

Defendant MetLife denied Plaintiff LTD for several alleged reasons including, but not limited to: evidence from at least two independent rheumatologists that Plaintiff's alleged fibromyalgia was not disabling; evidence from Plaintiff's treating physicians of improvement in Plaintiff's psychiatric condition and cessation of treatment by psychiatric providers by 2003; the February 2004 FCE which, although noting that Plaintiff did not complete many tasks due to self-limiting behavior, concluded that Plaintiff was capable of light work; submissions by Plaintiff's treating physicians which, while concluding that Plaintiff was disabled, were determined by Defendant MetLife not to be objective evidence because they ultimately reflected only Plaintiff's subjective complaints; and a labor market analysis from a vocational specialist which found that several occupations involving light work were within the scope of Plaintiff's training, education, and experience.

Having fully considered the arguments set forth by the parties, the specific evidence in the record upon which Defendants have grounded their reasons for denying Plaintiff LTD benefits, and the record as a whole, this Court finds that, under the fully deferential arbitrary and capricious standard, Defendant MetLife's decision was not without any reasonable basis. Accordingly, the Court will grant Defendants' Motion.

III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Administrative

Record (Docket No. 23) is GRANTED.  Judgment shall enter in favor of Defendants.  The clerk

of court is directed to close this case.

DATED   February 20, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge